UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x

UNITED STATES OF AMERICA,

        -v-
YUAN ZHONG ZHAO,

        Defendant.
———————————————————————x

*18 MAG. 10257*

# DEFENDANT'S MEMORANDUM OF LAW
# IN SUPPORT OF BAIL PENDING TRIAL

<div align="right">

James Kousouros
260 Madison Avenue, 22nd Floor
New York, New York 10016
Tel: (212) 532-1934
Fax: (212) 532-1939
James@kousouroslaw.com
*Attorney for Mr. Zhao*

</div>

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ 1
TABLE OF AUTHORITIES .......................................................................................................... 2
LIST OF EXHIBITS ....................................................................................................................... 3
PRELIMINARY STATEMENT .................................................................................................... 4
BACKGROUND ............................................................................................................................ 4
THE STANDARDS FOR PRE-TRIAL DETENTION .................................................................. 5
THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND POTENTIAL PUNISHMENT ..... 8
HISTORY AND BACKGROUND, EMPLOYMENT, AND COMMUNITY TIES OF YUAN ZHONG ZHAO ........................................................................................................................... 9
CONCLUSION ............................................................................................................................. 12


## TABLE OF AUTHORITIES

**Cases**

Stack v Boyle, 342 U.S. 1 (1951) ................................................................................................ 5
United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985) ......................................................... 6
United States v. Khashoggi, 717 F. Supp. 1048 (S.D.N.Y. 1989) ............................................... 11
United States v. Montalvo-Murillo, 495 U.S. 711 (1990) ............................................................ 6
United States v. Orena, 986 F.2d 628, 632 (2d Cir. 1993) ........................................................... 7
United States v. Salerno, 481 U.S. 739 (1987) ............................................................................. 6
United States v. Scarpa, 815 F. Supp. 88 (1993) .......................................................................... 6
United States v. Shakur, 817 F.2d 189, 195 (2d Cir. 1987) .......................................................... 7
Unites States v. Sabhnani, 493 F.3d 63 (2d Cir. 2007) ................................................................. 7

**Statutes**

18 U.S.C. § 1425(a) ...................................................................................................................... 5
18 U.S.C. § 3142 ................................................................................................................. 4, 5, 6, 7
18 U.S.C. § 3142(b)(1)(c) ............................................................................................................. 6
18 U.S.C. § 3142(e) ...................................................................................................................... 6
18 U.S.C.§1425 ............................................................................................................................. 8
18 U.S.C.§3553(a) ........................................................................................................................ 8

## LIST OF EXHIBITS

**Accusatory Instrument**

**Exhibit A:**   Indictment

**Other Documents**

**Exhibit B:**   Yuan Zhong Zhao 2017 Tax Return

**Exhibit C:**   Shu Yan Zheng 2017 W-2 Form

**Exhibit D:**   Mortgage Statement for the property located at 529 54th Street, Brooklyn, New York

**Exhibit E:**   2018 – 2019 New York Property Tentative Assessment Roll Record

**Suretor Documents**

**Exhibit F:**   Mengling Zhao Documentation
- Driver's license
- 2017 Tax Return

**Exhibit G:**   Meng Fa Zhao Documentation
- Driver's license
- 2017 Tax Return

**Exhibit H:**   Shu Yan Zheng Documentation
- Driver's License
- 2017 W-2 Form

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────── x

UNITED STATES OF AMERICA,

-v-

YUAN ZHONG ZHAO,

        Defendant.
──────────────────────────────── x

18 MAG 10257

## PRELIMINARY STATEMENT

Defendant Yuan Zhong Zhao submits this Memorandum of Law in support of his application for pre-trial release on conditions pursuant to 18 U.S.C. § 3142. It is respectfully submitted that Mr. Zhao does not pose an actual risk of flight sufficient for a finding of pre-trial detention, is not a danger to the community, and that there are conditions of release which will assure his full compliance with this Court's directives as to his required appearance to answer the charges herein. Accordingly, we ask that pre-trial release be granted in this case and that a bond in the amount of $500,000.00 be set by the Court with the imposition of strict pretrial conditions, including the surrender of all travel documents, travel restrictions to the Eastern, Western and Southern Districts of New York should the Court deem this necessary.

## BACKGROUND

On October 24, 2018, a single count Indictment was filed in the Western District of New York charging Mr. Zhao with Unlawful Procurement of Citizenship or Naturalization in violation of 18 U.S.C. § 1425(a). (See, Indictment, attached hereto as **Exhibit A**). The Indictment alleges that, on or about September 16, 2011, in the Western District of New York, Mr. Zhao knowingly procured and attempted to procure, contrary to law, naturalization for himself, in that Mr. Zhao, on his Form N-400 Application for Naturalization, responded "No" to the question "Have you ever given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion or removal?" As will be set forth, *infra*,

4

Mr. Zhao came to the United States in or about 1991 and thereafter applied for and was granted political asylum under his true name. In 2011 he applied for citizenship and was later naturalized as an American citizen. He denies having made any false statement in his submissions. For the past 27 years, he has lived a law-abiding life, he has been gainfully employed, paid his taxes and raised a family with his wife. His entire family lives in the United States. Mr. Zhao was contacted by law enforcement and informed of this indictment. After retaining criminal defense counsel, we arranged for a voluntary surrender in the Southern District. We respectfully request that bail be set in this matter to enable Mr. Zhao to voluntarily travel to the Western District and appear in said court to answer to and defend the accusations herein.

While we readily acknowledge the seriousness of the charged offenses, we respectfully submit that, in comportment with the requirements of 18 U.S.C. § 3142, there are reasonable conditions of release sufficient to assure the Court of Mr. Zhao's appearance as directed. We have secured a substantial bail package for the Court's consideration and respectfully submit that when the facts herein are considered in a more informed and accurate context and in conjunction with the remaining statutory factors, Mr. Zhao emerges as a viable candidate for release on a significant bond with strict conditions. As Mr. Zhao clearly does not pose a danger to the community, such a bond will, we respectfully submit, satisfy any concerns as to flight.

It is respectfully submitted that Mr. Zhao's detention is unwarranted under the facts and circumstances herein.

## THE STANDARDS FOR PRE-TRIAL DETENTION

Bail is enshrined in our constitutional history and tradition. In Stack v Boyle, 342 U.S. 1 (1951), the United States Supreme Court affirmed our long-standing societal interest in freedom from pretrial detention:

> From the passage of the Judiciary Act of 1789 to the present Federal Rules of Criminal Procedure, federal law has unequivocally provided that a person arrested for a non-capital offense shall be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning.

As punishment by imprisonment comes only after conviction by proof beyond a reasonable doubt, pretrial detention is authorized in limited circumstances and on an adequate showing that that the

defendant poses a danger to the community or is likely to flee prior to trial. United States v. Salerno, 481 U.S. 739 (1987) (pretrial detention permissible on the basis of future dangerousness). However, under the Constitution, preventive detention "has been and should remain the exceptional practice." United States v. Scarpa, 815 F. Supp. 88 (1993). As the Supreme Court stated in United States v. Montalvo-Murillo, 495 U.S. 711 (1990):

> It is well to remember the magnitude of the injury that pretrial detention inflicts and the departure that it marks from ordinary forms of constitutional governance. Executive power to detain an individual is the hallmark of the totalitarian state. Under our Constitution the prohibition against excessive bail, the Due Process Clause of the Fifth Amendment, the presumption of innocence – indeed, the fundamental separation of powers among the Legislative, the Executive and the Judicial Branches of Government – all militate against the abhorrent practice. Our historical approach eschewing detention prior to trial reflect these concerns...

The Bail Reform Act requires the release of a defendant on the "least restrictive" conditions necessary to "reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(b)(1)(c). When detention is not presumed by virtue of the charged offense as in the case at bar, the government must prove, by clear and convincing evidence, that the defendant poses a danger to the community or a risk of flight that "no conditions or combination of conditions" will alleviate. 18 U.S.C. § 3142(e) and (f). The government thus bears a "high burden" to justify detention. United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).

Pursuant to Section 3142(b), the Court must release the defendant, even without any surety or collateral, if he is not a flight risk or a danger to the community. Under Section 3142(c), even when a flight risk is found to exist, the Court must release the defendant if there exist any set of conditions for his release that will "reasonably" assure his appearance and the safety of the community.

The Second Circuit, in a comprehensive and instructive decision, has delineated the procedure to be followed in a detention analysis and the burden imposed upon the government to justify the pre-trial detention of an individual. In Unites States v. Sabhnani, 493 F.3d 63 (2d Cir. 2007), the Court set forth the following parameters for the assessment at hand:

> Because the law thus generally favors bail release, the Government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this

6

> burden, the Government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court.

(Id. at 75). The Court made clear that "[u]nder this statutory scheme, '*it is only a limited group of offenders*' who should be denied bail pending trial." Id. (quoting United States v. Shakur, 817 F.2d 189, 195 (2d Cir. 1987) (emphasis added)). Based upon the foregoing, the law is quite clear: a defendant must be released unless it is shown that (i) he presents an actual risk of flight *and* (ii) there is no condition or combination of conditions that would reasonably assure that he will not, in fact flee. It is the Government that bears the burden of demonstrating both prerequisites by a preponderance of the evidence in order to justify pre-trial detention.

18 U.S.C. § 3142 delineates the factors to be considered by a judicial officer in making a determination as to whether conditions exist that will reasonably assure the appearance of the accused as required and the safety of any other person and the community. These considerations are generally separated into two categories: the nature of the offense and the personal characteristics of the accused. The relevant factors include the nature and circumstances of the offense charged, including whether the offense is a crime of violence or it involves a narcotic drug, the weight of the evidence against the accused, the history of the accused, including his character, family ties, employment, financial resources, length of residence in the community and community ties, history relating to drug abuse, criminal history, and past record of appearing at court ordered appearances. The court should also consider the nature and seriousness of the danger to the community, if any, posed by the individual's release on bond. United States v. Orena, 986 F.2d 628, 632 (2d Cir. 1993).

In the instant matter, notwithstanding the seriousness of the charges, we respectfully submit that satisfactory conditions of release can be imposed. Yuan Zhong Zhao does not present an actual flight risk, nor is he a danger to the community. To the extent the Court finds that he does pose a flight risk, his community ties, lack of any criminal history, his age, family circumstances, employment history and self-surrender surely support a bond consistent with that proposed herein. Detention is not warranted in this matter.

It is respectfully submitted that after consideration of the above factors, this Court should conclude that there are indeed appropriate and sufficient conditions of release which should be granted to Yuan Zhong Zhao.

## THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND POTENTIAL PUNISHMENT

Mr. Zhao is accused, in a single count Indictment with responding "No" to the question in his Form 400 (Application for Citizenship) to the question "Have you ever given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion or removal?". The applicable guideline provision for a violation of 18 U.S.C.§1425 is found in Section 2L2.1 of the United States Guidelines. The base offense level for this offense is 11. We believe that §2L2.2(b)(1) applies as this alleged offense was not committed for profit which results in a three-level decrease. We are unaware of what other adjustments apply, however, even assuming a base offense level of 11, with a 3-level decrease, the adjusted offense level is 8 with a range of 0-6 months incarceration. Even assuming, for purposes of analysis, a four-level increase to a level 12, the guidelines range is 10-16 months without consideration of the factors delineated in 18 U.S.C.§3553(a). In either instance, while any conviction or period of incarceration is a consideration for the Court in a detention analysis, Mr. Zhao's exposure in this case is not one that supports an order of detention.

We are not aware of what misrepresentation or misleading information Mr. Zhao is accused of providing, however, Mr. Zhao denies ever knowingly making any misrepresentations. Mr. Zhao has been living in the United States since his arrival and after applying for and being granted political asylum after fleeing China. He has been living under his own name and his application for citizenship was applied for in good faith and with the intention of answering all questions truthfully. He has been employed on the books, he has paid his taxes, purchased property, provided for his wife and two children and has lived a law-abiding life, both here and in China. Upon being informed of these charges, he self-surrendered to the jurisdiction of the Court. As Mr. Zhao stands before this Honorable Court, he is a citizen of the United States, present and prepared to defend against the charges lodged against him. Under these circumstances, it is respectfully submitted that he should be permitted to do so while at liberty on a bond sufficient to assure his presence in court as directed.

## HISTORY AND BACKGROUND, EMPLOYMENT, AND COMMUNITY TIES OF YUAN ZHONG ZHAO

Yuan Zhong Zhao was born on March 11, 1971 in China and is 47 years of age. Mr. Zhao is a United States citizen and has significant community ties, having lived in the United States since 1991. Mr. Zhao lives with his ex-wife, Shu Yan Zheng[1], and the couple split their time between their home in Brooklyn, New York which is shared with Mr. Zhao's mother who is 73 years of age, and their home in the state of Indiana where they own the "New Great Wall" restaurant.

Mr. Zhao emigrated to the United States in or about 1991. While the events surrounding his entry to the United States are presumably related to the instant charge, they will not be addressed in detail in this submission. What we can relate to the Court is that for the past 27 years Mr. Zhao has lived a productive and law-abiding life. Mr. Zhao has maintained consistent, legitimate employment since 1992. Mr. Zhao worked in various New York restaurants as a dishwasher and busboy learning the restaurant business and ultimately purchasing a restaurant from family friends in Indiana. He has filed and paid his taxes and has never relied upon public assistance.

Mr. Zhao along with his ex-wife have raised and educated their two children. Their son, Meng Fa Zhao, is 29 years of age and works for the family restaurant in Indiana. Mr. Fa is married and has two children. Their daughter, Mengling Zhao is 27 years of age, resides in an apartment in Brooklyn and is employed as a home care assistant by Xincome Home Care. Mengling has one daughter. Both Mr. Fa and Ms. Zhao are willing to sign a bond for their father. Mr. Zhao's entire family resides in the United States.

Mr. Zhao and Ms. Zheng purchased the "New Great Wall" restaurant in Fort Wayne, Indiana, approximately five years ago from a family friend who was seeking to sell the restaurant. Since then, Mr. Zhao and Ms. Zheng have devoted their time to turning the restaurant into a success and have worked day and night to provide for their family. (Attached herewith as **Exhibit B and Exhibit C** are copies of both Mr. Zhao's and Ms. Zheng's tax returns for 2017).

---

[1] Please note that Mr. Zhao and Mrs. Zheng divorced, however they have since reconciled and continue to live and work together, supporting their children and grandchildren.

In 2008 Mr. Zhao and Ms. Zheng purchased property located at 529 54th Street, Brooklyn, New York. The purchase price for the home was $890,000. The property is currently valued at approximately $1,500,000 and there is an outstanding mortgage of approximately $500,000. (Attached hereto as **Exhibit D** and **Exhibit E** are the mortgage statement and city records for the property which include the deed). In 2014 the family purchased a rental property located at 975 50th Street, Brooklyn, New York. The purchase price was $990,000 and there is an outstanding mortgage of approximately $500,000. We are requesting that the property located at 529 54th Street, Brooklyn, New York be accepted to secure a bond for Mr. Zhao.

It is respectfully submitted that Mr. Zhao has the community ties and background which demonstrate that he is not a flight risk and that, while the charges herein are indeed serious, there is no reason to believe that Mr. Zhao will not appear as directed. Mr. Zhao's own sense of responsibility as well as the moral suasion resultant from the dire and devastating consequences which would befall him, and his family should he not return to Court as directed will ensure his appearance. Indeed, while his children are young and working, Mr. Zhao's mother would be left homeless should he flee. More to the point, however, Mr. Zhao and Ms. Zheng have worked their entire lives to support their family and secure these assets. He is a moral man, devoted to his family. He surrendered to face these charges instead of fleeing.

Mr. Zhao does not pose a danger to the community. Mr. Zhao has not been charged with any violence nor is he alleged to have discussed or participated in any discussions regarding violence. He is not a danger to the community in any sense.

In addition to the foregoing, we ask that the Court consider the unnecessary burden on the defense should Mr. Zhao be detained. As this matter is pending in the Western District of New York, counsel would have to travel to Buffalo, New York in order to review discovery and prepare a defense. Mr. Zhao lives in Brooklyn and counsel is in New York City. While we are not aware of the timing of the allegations in this case, we can assume that any alleged misrepresentations occurred prior to 2011 and significant investigation and contact between counsel and Mr. Zhao will be necessary in order to prepare and mount an effective defense to these charges. Under the extant circumstances, there is, we submit, no justification for placing this added onus upon Mr. Zhao in his defense of these charges.

Based upon the foregoing, we respectfully submit that under these circumstances, there is no factual or legal basis to find this defendant to be a flight risk such that conditions would not

exist to secure his presence. See United States v. Khashoggi, 717 F. Supp. 1048 (S.D.N.Y. 1989) (holding that it would be an abuse of discretion to order pre-trial detention for a defendant with strong ties notwithstanding, *inter alia*, his citizenship in Saudi Arabia with whom the United States did not have an extradition treaty, his "enormous" wealth with which he could "facilitate a hasty departure from the jurisdiction" and the fact that his children lived abroad).

We respectfully submit that Mr. Zhao's personal history, community ties along with his self-surrender irrefutably warrant the granting of pre-trial release in this case. We submit the following bail package for the Court's consideration.

We propose a bond in the amount of $500,000 secured by the property located at 529 54th Street, Brooklyn, New York and co-signed by his wife and two children. As his son and wife are in Indiana, we would ask that they be permitted to sign the bond in the district court nearest to their home. This would be a fully collateralized bond co-signed by three family members, along with Mr. Zhao who have a combined income well in excess of $100,000. Any and all travel documents will be surrendered and any other geographic restrictions on travel will be scrupulously adhered to. To follow is a list of the property to be posted to secure the requested bond.

Property: 529 54th Street, Brooklyn, New York
Value: $1,500,000
Debt: Approximately $498,95.12 (as of 12/01/2018)
Equity: Approximately $100,000,000

(See, **Exhibit D and Exhibit E** a copy of the mortgage statement for the property located at 529 54th Street, Brooklyn, New York 11220-3114 and a 2018 – 2019 New York Property Tentative Assessment Roll Record which includes a copy the deed for the property).

Suretor: Mengling Zhao (Daughter)
Date of Birth: 1/19/1991

- Social Security Number: 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
- Employment: Home Care Ximcome Home Care
- Income: $30,000[2]

---

[2] Ms. Zhao's 2017 W-2 indicates wages of $17,000. Ms. Zhao advises that her hours were dramatically increased in 2018.

11

(Attached hereto as **Exhibit F** is a copy of Ms. Zhao's 2017 Tax Return and identifying documents)

Suretor: Meng Fa Zhao (Son)

- Date of Birth: 5/25/1989
- Social Security Number: 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
- Employment: New Great Wall Restaurant
- Income: $30, 607.00 (2017)

(Attached hereto as **Exhibit G** is a copy of Mr. Fa's 2017 1040 Income Tax Return and identifying documents)

Suretor: Shu Yan Zheng (Wife)

- Date of Birth: 10/13/1970
- Social Security Number: 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
- Employment: New Great Wall Restaurant
- Salary: $88,632.00 (2017)

(Attached hereto as **Exhibit H** is a copy of Mrs. Zheng's 2017 W-2 Form and identifying documents)

The suretors in this case are Mr. Zhao's closest family members – his wife and two children. All of these individuals are placing their future financial stability in this bond and in their abiding faith that their husband and father would never leave them destitute. With their dependents, there are at least six men, woman and children who will be left indebted to the government in the event Mr. Zhao were to flee or violate any conditions of his bond. The financial commitment is monumentally enhanced by the moral suasion and commitment Mr. Zhao has for his family. Mr. Zhao is not a flight risk and any concern for his potential flight is eliminated by the proposed bond.

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that there exist reasonable conditions of release sufficient to assure Mr. Zhao's appearance in court as directed. As such, it is respectfully requested that the Court grant Mr. Zhao's pre-trial release in this matter.

Dated:          December 4, 2018
                New York, New York

                                            Respectfully Submitted,

                                            _____/s/_____

                                            JAMES KOUSOUROS
                                            Law Offices of James Kousouros
                                            260 Madison Avenue, 22nd Floor
                                            New York, NY 10016
                                            Tel: (212) 532-1934
                                            Fax: (212) 532-1939
                                            James@kousouroslaw.com


cc:     Hon. Ona T. Wang

        Wei Xiang
        Ni Qian
        *Assistant United States Attorneys*

        Yuan Zhong Zhao

13